IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ARTHUR J. STRAND, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 15-1006-LPS |
| | : | |
| PATROLMAN JOHN P. THOMPSON, et al., | : | |
| | : | |
| Defendants. | : | |

Arthur J. Strand, Sussex Correctional Institution, Georgetown, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

March 10, 2016
Wilmington, Delaware

*[signature]*

STARK, U.S. District Judge:

I.     INTRODUCTION

Plaintiff Arthur J. Strand ("Plaintiff") filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights.[1] Plaintiff, a pretrial detainee, is incarcerated at the Sussex Correctional Institution in Georgetown, Delaware. He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a).

II.     BACKGROUND

Plaintiff alleges that on February 20, 2015 he was stopped by Defendant patrolman John P. Thompson ("Thompson"), who cited Plaintiff with a traffic violation and who further had the vehicle towed after Thompson concluded that Plaintiff did not have a driver's license and that the vehicle was uninsured. Thompson would not allow Plaintiff to retrieve his belongings and told Plaintiff he could pick them up when he retrieved the truck from storage. The truck was impounded, and Plaintiff was told his truck was being held "because it was under investigation by the Blades Police Department." (D.I. 3 at 6) The Complaint alleges that Thompson had no right to seize the truck because Plaintiff did not commit a traffic violation. Thompson told Plaintiff to speak to Defendant Cooke ("Cooke"), the Chief of Police, who also told Plaintiff that the vehicle was not insured.[2]

---

[1] Pursuant to 42 U.S.C. § 1983, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

[2] Cooke told Plaintiff that when a person dies, the insurance is no longer in effect. Plaintiff disagrees and states that insurance only lapses when the insurance premium is not paid.

1

Plaintiff was charged with numerous rape charges. Plaintiff alleges that "everything stemmed from an investigation [(by Defendant Patrolman Matos ("Matos"))] of these alleged charges." (*Id.*) Matos spoke to the sexual assault nurse examiner ("S.A.N.E.") who attended to the complaining victim. In addition, the complaining victim, a minor, spoke to Defendant forensic interviewer Andrew Lentz ("Lentz") regarding the alleged incident. Due to a lapse of time, and because the victim showered before she was medically examined, Chief of Police Cooke told Lentz that a S.A.N.E. kit was not necessary. Plaintiff alleges that Cooke is not allowed to make this recommendation when someone has been charged with rape because it eliminates the opportunity for DNA testing.[3] Plaintiff alleges that Cooke, Thompson, Matos, and Lentz violated his right to due process under the Fourth and Fourteenth Amendments and, as a result, he cannot receive a fair trial.

Plaintiff amended his complaint and alleges that, on March 3, 2015, unnamed officers used excessive force when they grabbed his wrists, took his cell phone, and then tried to cover up their conduct. (D.I. 8)

Plaintiff seeks compensatory damages.

### III.   LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The

---

[3]Plaintiff alleges that the victim was sexually active with a boyfriend.

Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) note the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) assume the veracity of the well-pleaded factual allegations and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

IV. DISCUSSION

A. Due Process

Plaintiff alleges that his arrest, the impoundment of his vehicle, the investigation, and the failure to perform a S.A.N.E. rape kit violated his due process rights and, as a result, he cannot receive a fair trail. Because Plaintiff's claims against Thompson, Matos, Cooke, and Lentz may

imply that his potential conviction on his pending criminal charges is invalid, the claim must be stayed pending resolution of those charges. *See Wallace v. Kato*, 549 U.S. 384, 394 (2007). The Court will stay this case with respect to the claims against Thompson, Matos, Cooke, and Lentz, and will defer reaching the merits of the claims and the threshold question of whether such claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994),[4] until the disposition of Plaintiff's pending criminal charges in State Court.

### B. Excessive Force

Plaintiff alleges in his amendment that he was subjected to excessive force when unnamed individuals grabbed his wrists and took his cell phone. Excessive force claims for pretrial detainees are analyzed under the Fourteenth Amendment, *Sylvester v. City of Newark*, 120 F. App'x 419, 423 (3d Jan. 14, Cir. 2005). A pretrial detainee alleging that an officer used excessive force against him in violation of the Fourteenth Amendment need not demonstrate that such officer was subjectively aware that his use of force was unreasonable, but only that the force used against him was objectively unreasonable. *See Kingsley v. Hendrickson*, ___U.S.___, 135 S.Ct. 2466, 2472-73 (2015).

Plaintiff's scant allegations fail to satisfy the pleading requirements of *Iqbal* and *Twombly*. Plaintiff will be permitted leave to amend.

### C. Personal Involvement

Plaintiff names Detective Gray ("Gray"), Detective Collins ("Collins"), Cpl. Sammons ("Sammons"), Cpl. Morgan ("Morgan"), and C.P.R. and DFS Workers in the caption of the Complaint. A civil rights complaint must state the conduct, time, place, and persons responsible for

---

[4]In *Heck*, the Supreme Court held that where success in a § 1983 action would implicitly call into question the validity of conviction or duration of sentence, the plaintiff must first achieve favorable termination of his available state or federal habeas remedies to challenge the underlying conviction or sentence.

the alleged civil rights violations. *See Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Boykins v. Ambridge Area Sch. Dist.*, 621 F.2d 75, 80 (3d Cir. 1980); *Hall v. Pennsylvania State Police*, 570 F.2d 86, 89 (3d Cir. 1978)). In addition, "'a[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior.'" *Evancho*, 423 F.3d at 353 (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)).

The Complaint and its amendment do not contain any allegations against the foregoing Defendants. Plaintiff provides no facts to support a claim against them, and it is clear the claims are facially insufficient. The claims lack an arguable basis in law or in fact and will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

## V. CONCLUSION

For the above reasons, the Court will dismiss the excessive force claim as well as Defendants Gray, Collins, Sammons, Morgan, and C.P.R. and DFS Workers pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1). The due process claims against Thompson, Matos, Cooke, and Lentz will be stayed until resolution of the criminal charges pending against Plaintiff in State Court.

An appropriate Order follows.